IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

F I L E D

MAR - 9 2016

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

DAVID DEWAYNE TESTER,            )
                                 )
    Petitioner,                  )
                                 )
v.                               )            Civil Action No. 3:15CV236–HEH
                                 )
SANDRA THACKER,                  )
                                 )
    Respondent.                  )

## MEMORANDUM OPINION
### (Dismissing Without Prejudice 28 U.S.C. § 2254 Petition)

David DeWayne Tester, proceeding *pro se*, filed a petition pursuant to 28 U.S.C.

§ 2254 ("§ 2254 Petition"). Tester states that he was convicted on June 5, 2014 in the

Circuit for the City of Richmond. (§ 2254 Pet. 2.) Petitioner indicates that he has never

filed an appeal or any other challenge to his state conviction in the Supreme Court of

Virginia. (*Id.* at 3-6.) Petitioner also indicates that he has not raised his claims for relief

before the Supreme Court of Virginia. (*Id.* at 6-12.) By Memorandum Order entered on

February 12, 2016, the Court directed Tester to show cause, within eleven (11) days of

the date of entry thereof, as to why his § 2254 Petition should not be dismissed for lack of

exhaustion. Tester has responded. (ECF No. 9.) However, Tester wholly fails to address

why he has not raised his claims before the Supreme Court of Virginia.

"As a general rule, in the absence of 'exceptional circumstances where the need

for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston,*

306 U.S. 19, 27 (1939), courts 'require[] exhaustion of alternative remedies before a

prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State

2

with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66).  Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)).  The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code Ann. § 8.01-654(A)(1) (West 2014).  "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005)); *see also Sparrow*, 439 F. Supp. 2d at 587.

Here, the issues raised by Tester have not been raised before the Supreme Court of Virginia.  Tester fails to demonstrate that any exceptional circumstances warrant the

consideration of his habeas petition at this time.  Accordingly, Tester's § 2254 Petition and the action will be dismissed without prejudice because Tester has failed to exhaust available state remedies or demonstrate that exceptional circumstances warrant consideration of his petition at this juncture.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  No law or evidence suggests that Tester is entitled to further consideration in this matter.  A COA will therefore be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 9, 2016
Richmond, Virginia